# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARKELL N. MITCHELL,

          Plaintiff,

v.

CHRISTOPHER DOMAGALSKI and JOHN DOES,

          Defendants.

Case No. 22-CV-196-JPS

**ORDER**

      Plaintiff Markell N. Mitchell, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On February 10, 2023, the Court screened Plaintiff's complaint and allowed him to proceed against Doe defendants and added Christopher Domagalski as a defendant for the limited purpose of helping Plaintiff identify the names of the Doe defendants. *Id.* On March 24, 2023, Plaintiff filed a motion to use release account funds to pay for the Marshal service. ECF No. 14. On May 12, 2023, Plaintiff filed a motion to compel. ECF No. 15. On May 30, 2023, Plaintiff filed a motion for an extension of time to identify the Doe defendants. ECF No. 16.

      First, the Court will deny Plaintiff's motion to use his release fund account to pay for Marshal service. This Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account,

"[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). Defendant Domagalski has already appeared in this action and the Court's denial of Plaintiff's motion to use his release account funds will therefore not impede Plaintiff from proceeding in this case.

Second, the Court will deny Plaintiff's motion to compel as moot and will grant Plaintiff's request to extend the deadline to identify the Doe defendants. Plaintiff indicates that he received a response from defense counsel and a flash drive containing information on May 17, 2023. As such, Plaintiff's motion to compel is now moot and the Court will deny his motion accordingly. Plaintiff further indicates that he needs a deadline from this Court in order to gain access to a computer to locate the information he needs to file an amended complaint. As such, the Court will grant Plaintiff's motion for an extension of time and will grant him until **July 5, 2023** to identify the Doe defendants. The failure to do so or otherwise respond may

result in dismissal of this action without further notice for Plaintiff's failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use his release account funds, ECF No. 14, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel, ECF No. 15, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time, ECF No. 16, be and the same is hereby **GRANTED**; Plaintiff must identify the Doe defendants on or before **July 5, 2023** or this case may be dismissed for his failure to prosecute.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge